893 F.2d 256
 15 Fed.R.Serv.3d 842
 John TURNBULL and Barbara Turnbull, His wife, Plaintiffs,
v.
Leonard Theodore WILCKEN; John Does I Through X,
Defendants-Appellees.
Leonard Theodore WILCKEN, Third-Party-Plaintiff-Appellee,
v.
Lorraine ROBINSON, Third-Party-Defendant-Appellant.
 No. 88-1876.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 3, 1990.
 
 B. Ray Zoll and Tom D. Branch, Salt Lake City, Utah, for third-party-defendant-appellant.
 George E. Mangan of George E. Mangan, APC, Rosevelt, Utah, for third-party-defendant-appellee.
 Before TACHA, EBEL, Circuit Judges, and KANE,* District Judge.
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 By this appeal, the third-party-defendant-appellant (Robinson) seeks review of three orders of the district court. The first order, entered October 6, 1986, set aside a previously entered order of dismissal and the underlying stipulation of the parties. The second order, entered September 22, 1987, struck plaintiffs' (John Turnbull and Barbara Turnbull) pleadings, fully adjudicated the case on the merits, and reserved to defendant-third-party-plaintiff-appellee (Wilcken) "the right to present evidence of waste, caused by plaintiffs and/or others who may be responsible, in failing to engage in discovery and to prosecute, and to receive a judgment for such sums as the Court finds reasonable." The third order, entered May 16, 1988, awarded attorney's fees and expenses for "waste" by both Robinson and her former attorney (Johnson) to Wilcken.
 
 
 3
 A threshold question is whether there is appellate jurisdiction to review the orders of October 6, 1986, and September 22, 1987. Conceptually, the interlocutory order of October 6, 1986, merged into the order of September 22, 1987, which fully resolved all substantive issues on the merits. That order was a final judgment as to the merits within the meaning of 28 U.S.C. Sec. 1291 even though certain issues regarding the award of sanctions remained unadjudicated. Cox v. Flood, 683 F.2d 330, 331 (10th Cir.1982); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). The time for filing a proper notice of appeal began to run upon the entry of the September 22, 1987, order. The thirty-day appeal period prescribed by Fed.R.App.P. 4(a)(1) and 28 U.S.C. Sec. 2107 expired on October 22, 1987. Robinson's notice of appeal was not filed until May 26, 1988. A timely notice of appeal is an essential prerequisite to appellate jurisdiction. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Because Robinson's notice of appeal was filed too late, we conclude that the court is without jurisdiction to review the first two of the challenged orders. Accordingly, the appeal is partially dismissed as to any issues respecting the merits of the action.
 
 
 4
 In the September, 1987, order the district court also made certain findings that the case had a "history of delay and consistent refusal of the Turnbulls to cooperate or to answer discovery requests" and that there were specific violations of the rules and scheduling orders. Based on those findings, the district court determined to impose sanctions, as provided by the Federal Rules of Civil Procedure, against both the plaintiffs and any "responsible persons."
 
 
 5
 Following an evidentiary hearing, the district court found that the Turnbulls were, in effect, unwitting strawmen for Robinson's efforts to retain de facto ownership of the disputed property. The district court found that plaintiffs "were not participants in the lawsuit" and their purported attorney (Mr. Johnson) "received his instructions and information" from Robinson. From this, the district court concluded that because Robinson knew the Turnbulls were only nominal participants in the litigation, but nonetheless wanted the lawsuit to continue in order to accomplish her own ends, "she was substantially responsible for the delay."
 
 
 6
 We have jurisdiction to review the May, 1988, order directing payment of attorney's fees and expenses as a sanction for violations of the Federal Rules of Civil Procedure and for "waste" because an appeal from the award of sanctions may not be taken until the amount has been determined. See Phelps v. Washburn Univ. of Topeka, 807 F.2d 153, 154 (10th Cir.1986).
 
 
 7
 Robinson's argument on appeal, as we understand it, is that while the district court may have had ample justification to sanction the Turnbulls (by striking their pleadings, dismissing their claims, and entering judgment against them on Wilcken's counterclaim), the court was without authority to sanction her by the award of attorney's fees and expenses. Specifically, Robinson argues that: (1) there "is no evidence" that she "induced or procured" the Turnbulls' "nonparticipation," (2) she believed that she was acting in a "legally permissible way," and (3) she could not "foresee ... any failures to appear at pretrial conference, deficient discovery, or other 'waste.' "
 
 
 8
 Robinson claims that there was no evidence to support the district court's implicit finding that she was the alter ego of the Turnbulls and, consequently, ultimately responsible for the misfeasance charged against them. The record shows that Robinson was present at the hearing but expressly declined to testify.
 
 
 9
 The claimed lack of evidentiary support for this critical finding must be shown by analysis of the record made at the hearing. However, Robinson did not designate the transcript of the hearing as part of the record on appeal. In order to overcome the district court's finding, Robinson has the burden of showing that it is clearly erroneous. See Fed.R.Civ.P. 52(a); Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485, 498, 104 S.Ct. 1949, 1958, 80 L.Ed.2d 502 (1984). On the state of the record, Robinson has not met the burden. Accordingly, the district court's finding is affirmed.
 
 
 10
 The district court apportioned the entire net amount of the fees and expenses billed by Wilcken's attorney (after some adjustments based on Robinson's objections) based on the "fault" of Johnson and Robinson. Payment was directed from each accordingly. The district court indicated that the award of fees and expenses as a sanction was based on the provisions of Fed.R.Civ.P. Rules 16(f), 37(b)(2), and 41(b).
 
 
 11
 We note that Rule 41(b), in relevant part, authorizes dismissal of an action for failure to prosecute upon the motion of a defendant. The rule provides no authority for the award of fees under the circumstances of this case.
 
 
 12
 Under some circumstances, courts have inherent power to impose sanctions against those who litigate in bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66, 100 S.Ct. 2455, 2463-64, 65 L.Ed.2d 488 (1980); United States Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1240-45 (10th Cir.1988). However, the district court in this case did not make a finding of bad faith or otherwise rely on an inherent power.
 
 
 13
 The question now is whether the imposition of sanctions under or both Rules 16(f) and/or 37(b)(2) was correct. These rules authorize sanctions, including the award of attorney's fees and reasonable expenses against offending counsel and parties for failure to participate properly at pretrial conferences and during discovery, respectively. See In re Baker, 744 F.2d 1438 (10th Cir.1984), cert. denied, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985); Gates v. United States, 752 F.2d 516 (10th Cir.1985).
 
 
 14
 The award of fees and expenses for noncompliance with the rules is discretionary, and the amount and impact of a monetary sanction should depend on the seriousness of the violation and where the fault lies, i.e., with counsel or client. In re Baker, 744 F.2d at 1442. See also Ikerd v. Lacy, 852 F.2d 1256, 1259 (10th Cir.1988). However, in the absence of a finding of bad faith, there must be a sufficient nexus between noncompliance with the rules and the amount of fees and expenses awarded as a sanction. The rules, by their terms, limit assessments thereunder for the fees and expenses of the adverse party resulting from noncompliance. Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir.1975).
 
 
 15
 In other words, violations of Rules 16(f) and 37(b)(2), even if repeated, will not necessarily support the award of the entire litigation costs of the adverse party.
 
 
 16
 Here it appears that the district court applied the sanction provisions of Rules 16(f) and 37(b)(2) too broadly. The district court awarded the entire amount of Wilcken's attorney's fees and expenses without specifying how the amounts awarded were related to the violations of the rules. On remand, the court must determine which of the attorney's fees and expenses billed to Wilcken were the result of specific violations of the rules and adjust the award, if necessary.
 
 
 17
 For the reasons stated above, the judgment awarding attorney's fees against Robinson and in favor of Wilcken is VACATED and the matter REMANDED for redetermination of fees and expenses to be awarded as sanctions.
 
 
 18
 The court will permit the parties to file a stipulation regarding the amount of attorney's fees and expenses which can properly be awarded for noncompliance with Rules 16(f) and 37(b)(2). If the stipulation is filed within fifteen days of the date of this opinion, the court will modify its judgment in accordance with the stipulation, and the mandate will issue. Otherwise, the mandate will issue as provided by Fed.R.App.P. 41(a).
 
 
 19
 The appeal is DISMISSED in part, and the judgment of the United States District Court for the District of Utah is AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 Honorable John L. Kane, District Judge, United States District Court for the District of Colorado, sitting by designation