952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 The NAVAJO NATION ex rel. Howard BITSUIE; Robert Ahkeah;
Richard Begaye; Billy Chiquito; George Clark; Benjamin
House; Roselyn D. John; Julius Johnson; Billy Reese Kee;
Virgil Kirk, Sr.; Buddy Mexicano; Albert Ross; Cecil
Sylversmythe; Emmett Tso; Seymour Tso; Anderson Tully;
Charlie C. Billy; Alex Riggs; Robert Whitehorse; J. Tonny
Bowman, Plaintiffs-Appellants,*
v.
TENNECO WEST; Boquillas Cattle Company; Melvin Jans;
Tracy Oil and Gas; Reppell Steel; Tom Tracy; Byron T.
"Bud" Brown; James Stevens, Area Director, Navajo Area
Office, Bureau of Indian Affairs, U.S. Dept. of Interior;
George Gover, Acting Area Director, Navajo Area Office,
Bureau of Indian Affairs, U.S. Department of Interior;
William P. Ragsdale, Acting Assistant Secretary Indian
Affairs, U.S. Dept. of Interior; Manuel Lujan, Jr.,
Secretary, U.S. Department of Interior; Britt E. Clapham
II; Eric N. Dahlstrom; Wanda E. Hoffman; Violet A.P. Lui;
Stanley Pollack; Pamela S. Williams; Leonard Haskie,
Defendants-Appellees,
and
The Navajo Nation, Amicus Curiae.
 No. 90-2213.
 United States Court of Appeals, Tenth Circuit.
 Jan. 14, 1992.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs attempt to appeal the district court's orders dismissing with prejudice plaintiffs' complaint as to all defendants. After reviewing the appellate record and documents in the mandamus actions plaintiffs filed in this court in connection with this suit, we conclude that we lack jurisdiction and therefore must dismiss this appeal.
 
 
 3
 This case has a fairly complex procedural background, which we summarize briefly. Plaintiffs' complaint alleged, inter alia, various violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, by defendants. Thereafter, the parties filed numerous motions, including motions to dismiss and motions for enlargement of time, as reflected in the district court's docket sheet. See II Supp.App. at 532-42. On December 22, 1989, because plaintiffs' attorney had not been admitted to practice before the District Court for the District of New Mexico and was not associated with local counsel, the district court entered an order denying one of plaintiffs' motions for enlargement of time. See II Supp.App. tab U at 1. In that order the district court also directed "that no further pleadings will be accepted from Plaintiffs in this cause without full compliance with the Rules of this court." Id. at 2.
 
 
 4
 Between November 8, 1989, and January 2, 1990, the district court granted several motions dismissing with prejudice plaintiffs' complaint as to particular defendants, all of them having been dismissed by January 2. The district court based each dismissal on the ground that plaintiffs had failed to comply with the district court's local rules requiring a party to respond to a motion within ten days and providing that failure to do so constitutes consent to grant the motion. See D.N.M.R. 9(e), (h) (1988). After the district court had granted some but not all of the motions to dismiss, plaintiffs filed in this court a petition for a writ of mandamus or prohibition seeking various forms of relief. This court denied the petition because "[t]o the extent that petitioners seek appellate-type review of various actions taken by the district court ... mandamus is not a substitute for appeal" and because the petitioners had failed to show that they were entitled to the other relief sought. Navajo Nation ex rel. Howard Bitsuie v. Burciaga, No. 89-2297 (10th Cir. Jan. 2, 1990).
 
 
 5
 On February 1, 1990, plaintiffs filed a petition for rehearing on its petition for a writ of mandamus or prohibition. This court treated the petition as a supplemental petition for writ of mandamus; the petition included a prayer that it be treated as a notice of appeal. See Brief of Plaintiff-Appellants at iv. We ordered that the district judge show cause: (1) why the district court's last dismissal order should not be vacated and reentered; and (2) why the plaintiffs "should not be allowed to file a proper notice of appeal either pro se or through counsel who has entered an appearance and is authorized to practice before the district court." Navajo Nation ex rel. Howard Bitsuie v. Burciaga, No. 89-2297 (10th Cir. June 15, 1990). Subsequently, after considering the response of the district judge[1] and that of the real parties in interest, and the reply of petitioners, this court dismissed the supplemental petition.[2]
 
 
 6
 Thereafter, on September 24, 1990, plaintiffs filed a notice of appeal, which is captioned in its entirety "The Navajo Nation ex rel. Howard Bitsuie, et al. [,] Plaintiffs, vs. Tenneco West, et al., Defendants." See Brief of Plaintiff-Appellants, ex. G. Although this notice of appeal was filed only eleven days after this court's order denying plaintiffs' supplemental petition for writ of mandamus, it was filed over seven months after the district court's final dismissal order and this court's statement that "mandamus is not a substitute for appeal."
 
 
 7
 Subsequently, defendants filed a motion to dismiss this appeal on the following grounds: (1) this court lacks jurisdiction because plaintiffs failed to file a notice of appeal within sixty days of the district court's final dismissal order of January 2, 1990, as required by Fed.R.App.P. 4(a)(1); and (2) this court lacks jurisdiction with respect to all plaintiffs other than "The Navajo Nation ex rel. Howard Bitsuie" because the notice of appeal does not specify the other parties taking the appeal as required by Fed.R.App.P. 3(c). In addition, defendants sought sanctions against plaintiffs and their attorney pursuant to Fed.R.App.P. 38. This court reserved decision on the motion to dismiss and the parties filed briefs addressing the merits of the district court's orders of dismissal.
 
 
 8
 Based on our review of the appellate record, this court's orders, and the district judge's response in No. 89-2297, we conclude that we lack jurisdiction and therefore that we must grant defendants' motion to dismiss this appeal. A timely notice of appeal is mandatory and jurisdictional. See, e.g., Turnbull v. Wilcken, 893 F.2d 256, 257 (10th Cir.1990). In this case, because the United States was a party, Fed.R.App.P. 4(a)(1) required that plaintiffs file a notice of appeal within sixty days after the entry of the district court order from which the appeal was taken. It is undisputed that plaintiffs' notice of appeal was not filed within this period. Thus, the notice of appeal was untimely unless one of plaintiffs' arguments that their failure to timely file should be excused is sufficient to permit the late filing.
 
 
 9
 Plaintiffs assert that the district court's order that no pleadings be accepted without compliance with the local rules prevented plaintiffs from filing a notice of appeal. We reject this argument. We have no doubt that had plaintiffs complied with the local rules the district court would have accepted pleadings for filing. Also, the district court did accept plaintiffs' notice of appeal when it eventually was filed on September 24, 1990.
 
 
 10
 We also reject plaintiffs' assertion that one plaintiff's alleged attempt to file a pro se motion to extend time to plead should be treated as a motion that tolls the time for filing a notice of appeal. That pro se motion was not actually filed, and even if it had been, it is not the type of motion listed in Fed.R.App.P. 4(a)(4).
 
 
 11
 Finally, we reject plaintiffs' request that we treat their supplemental petition for writ of mandamus as a notice of appeal for several reasons: (1) this court's order of January 2, 1990, specifically advised plaintiffs that "mandamus is not a substitute for appeal"; (2) after that advice plaintiffs had a full sixty days to file a notice of appeal but instead chose again to seek mandamus; (3) a notice of appeal is a simple instrument and the requirements for filing it are clear, see 9 James W. Moore et al., Moore's Federal Practice, p 203.09 (2d ed. 1991).
 
 
 12
 We decline to impose sanctions on plaintiffs or plaintiffs' attorney for bringing this appeal.
 
 
 13
 For the foregoing reasons plaintiffs' appeal is DISMISSED.
 
 
 14
 The mandate shall issue forthwith.
 
 
 
 *
 Because the notice of appeal in this case uses the insufficient term "et al." to refer to parties other than "The Navajo Nation ex rel. Howard Bitsuie," it is unclear who is actually attempting to appeal. See, e.g., Pratt v. Petroleum Prod. Mgt., Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 654-55 (10th Cir.1990); see also Tribal Defendants-Appellees' Answer Brief at 1 n. 2. The caption of this order and judgment lists those persons named on plaintiffs' brief, but this should not be construed as indicating that this court considers the listed persons to be parties to the appeal. Because we find that the untimely notice of appeal deprives this court of jurisdiction over the entire appeal we do not address the question whether we lack jurisdiction with respect to claims of plaintiffs not specifically named in the notice of appeal
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district judge's response simply stated that
 there is no impediment to the Judgment entered on January 2, 1990, being vacated and re-entered, and that Petitioners should be allowed to file a proper notice of appeal either pro se or through counsel who has entered an appearance and is authorized to practice before the District Court for the District of New Mexico.
 
 
 [2]
 This court's order addressed the merits of petitioners' claims as follows:
 In substance, petitioners claim that they were improperly denied the right to file a certain motion. They also suggest, without elaboration, they did not file a notice of appeal following the district court's entry of a final judgment, which dismissed the underlying action. Significantly, petitioners have not alleged that they were actually precluded from filing a notice of appeal of the district court's order of December 21, 1989, or otherwise.
 Navajo Nation ex rel. Howard Bitsuie v. Burciaga, No. 89-2297 (10th Cir. Sept. 13, 1990).