974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael D. McNEIL, Petitioner-Appellant,
v.
James L. SAFFLE; the Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 91-7126.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Michael D. McNeil appeals from an order of the district court dismissing his petition for habeas corpus under 28 U.S.C. § 2254. Final judgment was entered on April 19, 1991. Defendant filed a combined pro se notice of appeal and request to appeal out of time on November 25, 1991. A timely notice of appeal is an essential prerequisite to appellate jurisdiction. Turnbull v. Wilcken, 893 F.2d 256, 257-58 (10th Cir.1990). We therefore first address the issue whether the notice of appeal was timely filed.
 
 
 3
 A habeas corpus proceeding is a civil action subject to the Federal Rules of Appellate Procedure. See Browder v. Director of Dep't of Corrections, 434 U.S. 257 (1978). Fed.R.App.P. 4(a)(1) requires filing of a notice of appeal within 30 days after entry of the final order or judgment. Petitioner's notice of appeal, filed 219 days after entry of the order, was well beyond that time limit. Furthermore, his request for an extension of time to file an appeal was untimely under Fed.R.App.P. 4(a)(5).[1]
 
 
 4
 Petitioner contends he did not receive notice of the entry of the April 19, 1991 order until November 18, 1991, because of mishandling of mail by officials at the Oklahoma Penitentiary where he was incarcerated and because of prison transfers. See Notice of Appeal. Rule 4(a)(6), as amended to become effective December 1, 1991, provides that
 
 
 5
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 6
 (Emphasis added). Even if we construe this amended provision to petitioner's request to appeal out of time, the request was not timely. Petitioner filed the motion to appeal out of time on November 25, 1991, which was "within 7 days of receipt of [notice of the order]," Rule 4(a)(6); however, the motion was filed more than 180 days after entry of the order on April 19, 1991. Because Rule 4(a)(6) applies the earlier of the two time periods, petitioner's motion, filed 219 days after the order, was not timely. We therefore have no jurisdiction to hear the appeal. Browder, 434 U.S. at 264.
 
 
 7
 APPEAL DISMISSED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Rule 4(a)(5) provides that "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Petitioner's motion to appeal out of time was not filed within the additional 30 days allowed by Rule 4(a)(5)