991 F.2d 807
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David A. WHITE, Plaintiff-Appellant,
v.
UNIVERSITY OF TULSA COLLEGE OF LAW, the University of Tulsa,
Professors Chapman, Hager, Limas, Tanaka, Clark,
Adams, and Sheila Powers, Defendants-Appellees.
 No. 92-5167.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant David A. White filed suit against Appellees University of Tulsa, the University of Tulsa College of Law, Sheila Powers and Professors Chapman, Hager, Limas, Tanaka, Clark, and Adams. In his First Amended Complaint, Appellant asserted ten causes of action including breach of contract and negligence. The gist of the complaint is that he was unlawfully denied the College of Law's highest honor of the Order of the Curule Chair and thereby subjected to emotional distress and damage to his potential lifetime earning capacity. Prior to trial, Appellee Tanaka and three of the ten causes of action were dismissed by an order of the district court ("Order I"). The court also granted summary judgment as to three other counts prior to trial ("Order II"). Ultimately, the final four causes of action were dismissed by the district court pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute when the Appellant failed to appear on the scheduled trial date ("Order III"). Appellant's motion to alter or amend the final dismissal was denied ("Order IV"). Appellant appeals from Order IV and by implication the underlying judgment that he sought to alter or amend, i.e., Order III.
 
 
 3
 On appeal, Appellant raises ten issues summarized as follows:
 
 
 4
 1. The district court erred by not ruling on Appellant's motion for partial summary judgment, and this court should rule on and grant the motion.
 
 
 5
 2. The district court abused its discretion by dismissing his final four claims pursuant to Order III.
 
 
 6
 3. The district court abused its discretion by awarding attorneys' fees to Appellees.
 
 
 7
 4. The district court committed clear error by unsealing confidential records after the case was dismissed.
 
 
 8
 5. The district court exceeded its authority by adopting irrelevant and biased findings of fact and conclusions of law in support of its unsealing the confidential records.
 
 
 9
 6. The district court abused its discretion by not reinstating Appellee Tanaka and the three causes of action that were dismissed by Order I.
 
 
 10
 7. The district court abused its discretion by granting Order II.
 
 
 11
 8. The district court clearly erred by entering a bill of costs against Appellant when Appellant's motion to alter or amend was still pending.
 
 
 12
 9. The district court abused its discretion by assessing court costs to Appellant.
 
 
 13
 10. Appellant is entitled to a change of venue and jurisdiction because of the obvious bias by the district court judges and magistrate.
 
 
 14
 Appellees argue that we lack jurisdiction over many of the issues presented because Appellant specified only the August 5, 1992 judgment (Order IV) in the notice of appeal. However, it is apparent from the notice of appeal that Appellant was attempting to generally appeal from the "final judgment" which would draw into question all prior non-final orders and rulings. Grubb v. Federal Deposit Ins. Corp., 868 F.2d 1151, 1154 n. 4 (10th Cir.); McLaurin v. Fischer, 768 F.2d 98 (6th Cir.). Finding no prejudice to the Appellees by Appellant's technical error, we exercise jurisdiction over all of the issues presented except for number three. With respect to issue number three, the pertinent motion for attorneys' fees was filed by Appellees after Order IV was entered. Consequently, the district court's order granting the fees cannot be considered a prior order that can be subsumed into the notice of appeal. See Turnbull v. Wilcken, 893 F.2d 256 (10th Cir.) (award of attorneys' fees is appealable after an amount has been determined).
 
 
 15
 After carefully examining the record, we must conclude that Appellant's remaining claims are without merit and untenable. We would add that even if we exercised jurisdiction over issue three it is equally unmeritorious.
 
 
 16
 Without delving into an exhaustive survey of our reasons, we further find this appeal to be frivolous and hold that pursuant to Fed.R.App.P. 38 the Appellees are entitled to reasonable attorneys' fees incurred defending this appeal. We note that despite being a licensed attorney Appellant has utterly failed to provide this court with any facts or substantive law in support of eight of his ten allegations, the most serious of these being his wholly unsubstantiated assertion that the various judges and magistrates involved in this litigation have conspired with the Appellees, as well as the general population, to deprive Appellant of his "rights."
 
 
 17
 Accordingly, the judgment of the district court is AFFIRMED and the case is REMANDED for a determination of reasonable attorneys' fees associated with this appeal.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3