996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Juan MARTINES, Petitioner-Appellant,
v.
Richard THORNBURGH, Attorney General of the United States,
Respondent-Appellee.
 No. 92-1030.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fecd.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Martines, a Cuban citizen who migrated to the United States during the Mariel Boatlift, is an excludable alien confined at the Federal Detention Center, Littleton, Colorado. Martines appeals a district court order dismissing his petition for habeas corpus relief brought under 28 U.S.C. § 2241. Because Martines failed to file a timely notice of appeal, we must dismiss the appeal for lack of jurisdiction.
 
 
 3
 Petitioner's habeas action was transferred to the United States District Court for the District of Colorado on November 16, 1990. On December 28, 1990, a magistrate judge recommended that Martines's petition be dismissed for failure to name the proper respondent. Martines filed objections to the recommendation and requested permission to amend the petition. The district court granted his request on January 28, 1991 and ordered him to submit the amended petition on or before February 11, 1991 or the case would be dismissed. The case was then referred back to the magistrate to await receipt of the amended petition and for a recommendation on the merits of the amended petition.
 
 
 4
 On January 31, 1991, the magistrate judge ordered the respondent to show cause why the petition should not be granted. Respondent filed an Answer and Return to Habeas Corpus Petition ("Answer") on February 21, 1991. Martines was granted until April 1, 1991 to file a response to the respondent's Answer, but failed to do so. Petitioner also failed to file an amended petition as ordered. On July 11, 1991, the district court entered an order dismissing the action.
 
 
 5
 Martines filed three post-judgment pleadings in the district court: (1) a Motion for Production of a Copy of Petitioner's Original § 2241 that was Filed in Central District of California and Transferred to District of Colorado filed on August 12, 1991; (2) a Reply to the respondent's Answer filed on December 31, 1991; (3) and an Application for Stay of his impending transfer to another correctional facility filed on January 13, 1992. The district court granted the first motion on August 28, 1991, but denied the second two as moot because the action had been dismissed on July 8, 1991. Martines filed a Notice of Appeal on January 31, 1992.
 
 
 6
 The timely filing of a notice of appeal is "an essential prerequisite to appellate jurisdiction." Turnbull v. Wilcken, 893 F.2d 256, 258 (10th Cir.1990). Federal Rule of Appellate Procedure 4(a)(1) requires a notice of appeal in a habeas proceeding against the United States to be filed within sixty days after the order appealed from is entered. Martines's notice of appeal was clearly untimely. Moreover, none of his post-judgment pleadings either served as a notice of appeal under Fed.R.App.P. 3, see Smith v. Barry, 112 S.Ct. 678, 682 (1992), or tolled the time for filing under Fed.R.App.P. 4(a)(4).
 
 
 7
 Accordingly, we must DISMISS the appeal for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3