UNITED STATES COURT OF APPEALS

**Filed 4/29/96**                     TENTH CIRCUIT

---

ROLLY O. KINNELL,                       )
                                        )
        Plaintiff-Appellant,            )
                                        )
vs.                                     )        No. 95-3412
                                        )    (D.C. No. 95-CIV-3301)
FORT SCOTT POLICE DEPARTMENT,           )         (D. Kan.)
SHAWN WEST, FORT SCOTT SHERIFF'S        )
DEPARTMENT, HAROLD COLEMAN,             )
FORT SCOTT MENTAL HEALTH CENTER,        )
(NFN) IBARRA, Dr., OSAWATOMIE STATE     )
HOSPITAL, STEPHEN H. FEINSTEIN, BILL    )
GRAVES, Governor, STATE OF KANSAS,      )
CARLA STOVAL, Attorney General of       )
Kansas,                                 )
                                        )
        Defendants-Appellees.           )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

---

In July 1995, Plaintiff Rolly O. Kinnell brought a 42 U.S.C. § 1983 action alleging

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff maintained that: (1) Kan. Stat. Ann. § 59-2912 is unconstitutional and allowed state agents to jail him without proving any elements of insanity; and (2) Defendants conspired with "citizens of Kansas, a doctor at a mental health center, [and] all the doctors at the state hospital," to abduct Plaintiff under an unconstitutional statute. The district court concluded that Plaintiff's arguments were conclusory and without legal or factual support. The court dismissed Plaintiff's § 1983 action in a September 7, 1995 order and concurrent judgment.

Plaintiff did not appeal the district court's September 7th order. Instead, on September 12, Plaintiff filed a motion to reconsider. The district court liberally construed Plaintiff's motion as seeking to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). By an October 2, 1995 order, the district court denied Plaintiff's motion to alter or amend judgment. Plaintiff did not appeal the district court's October 2nd order.

Instead, Plaintiff filed another motion to reconsider on November 21, 1995. The district court denied this motion in a December 12, 1995 order. Plaintiff filed his notice of appeal on December 18th. In January 1996, the district court denied Plaintiff leave to appeal in forma pauperis.

I.

On appeal, Plaintiff contends the district court erred in dismissing his § 1983

2

action. Plaintiff renews the arguments he raised below.[1] For the reasons that follow, we lack appellate jurisdiction to review the district court's September 7th and October 2nd orders, but have jurisdiction to review the court's December 12th order.

A.

Under Federal Rule of Appellate Procedure 4(a)(1), a party in a civil case must file its notice of appeal within thirty days "after the date of entry of the judgment or order appealed from." A party may toll the time to appeal, by filing within ten days after entry of judgment: (1) a motion to alter or amend judgment under Rule 59, or (2) a motion for relief from judgment under Rule 60(b). See Fed. R. App. P. 4(a)(4)(C), (F), Fed. R. Civ. P. 59(e). If a party timely files one of the above tolling motions, "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." Fed. R. App. P. 4(a)(4).

Plaintiff did not appeal the district court's September 7th order and concurrent judgment. Plaintiff did, however, file a motion to alter or amend judgment within ten days. This motion tolled the time for appeal. Fed. R. App. P. 4(a)(4)(C). The district court entered its order disposing of Plaintiff's Rule 59(e) motion on October 2nd. Plaintiff had thirty days from October 2nd to appeal. Fed. R. App. P. 4(a)(4). He did not

---

[1] Plaintiff also asserts that: (1) he "was denied a hearing without due process"; (2) "mental illness is entitled to the same due process procedure"; (3) "mental health centers are not to be used and abused by state law enforcement agents to make illegal arrests." We do not consider these arguments because they are raised for the first time on appeal. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir. 1989).

3

do so.  Although Plaintiff filed a second motion to reconsider on November 21st, which the district court construed as a Rule 60(b) motion, this motion did not toll the time for appeal because Rule 60(b) motions toll the appeal time only if "filed no later than 10 days after the entry of judgment."  Fed. R. App. P. 4(a)(4)(F).  Accordingly, because Plaintiff failed to timely appeal the district court's September 7th and October 2nd orders, we lack jurisdiction to review them.  Turnbull v. Wilcken, 893 F.2d 256, 257 (10th Cir. 1990) ("A timely notice of appeal is an essential prerequisite to appellate jurisdiction.").

B.

Plaintiff did, however, timely appeal on December 18th, the district court's December 12th order denying his Rule 60(b) motion for relief from judgment.  We therefore have jurisdiction to review the district court's December 12th order.  Our review, however, is limited to this order; we cannot review the underlying judgment.  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).  We review the district court's order denying Plaintiff's Rule 60(b) motion for abuse of discretion.  White v. American Airlines, 915 F.2d 1414, 1425 (10th Cir. 1990).

We have reviewed Plaintiff's brief and the entire record on appeal.  Based on our review of the record, we find no abuse of discretion in the district court's denial of Plaintiff's motion for relief from judgment.  We therefore AFFIRM.[2]

---

[2]  We grant Plaintiff's motion to proceed in forma pauperis.

4

AFFIRMED.

ENTERED FOR THE COURT


Bobby R. Baldock
Circuit Judge