Bob J. Settle, Plaintiff,

v.

Jon Brim, Michael Layer, Jim Valentine, Alan Miller, Infinity Group, Inc. and Benjamin Beville, Defendants.

Alan Miller and Infinity Group, Inc., Counter–Claimants,

v.

Bob J. Settle, Counter–Defendant.

Filed Jan. 22, 1998

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

PUGLISI, United States Magistrate Judge.

THIS MATTER comes on for consideration *sua sponte,* pursuant to Fed.R.Civ.R. 37(b)(2)(C) and 41(b).

### PROCEDURAL HISTORY

1. Plaintiff, *pro se,* filed his complaint alleging RICO violations, breach of contract, fraud, interference with business expectancy, conspiracy and negligent misrepresentation on October 18, 1996 (Docket No. 1).

2. This Court's Initial Scheduling Order was filed on January 21, 1997 (Docket No. 9).

3. The Initial Pre–Trial Report was filed on March 10, 1997, establishing pre-trial deadlines, including a discovery cut-off date (7/31/97), and an expert witness disclosure date for all parties (plaintiff's disclosure date was 5/2/97) (Docket No. 17).

4. At the pre-trial conference the plaintiff, *pro se,* was told he had to comply with deadlines set by the Court as well as all rules of Court and rules of procedure even though he was not represented by counsel.

5. Discovery disputes have totally consumed this case.

ty must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

6. The first motion for a protective order (defendant's) was filed on May 13, 1997 (Docket No. 24).

7. This Court granted this request for a protective order because plaintiff failed to comply with the expert witness disclosure deadline in the Initial Pre–Trial Report (Docket No. 27).

8. A request for reconsideration was denied on June 16, 1997 (Docket No. 33).

9. Defendants filed their second discovery motion on June 23, 1997, requesting relief because plaintiff refused to answer fully and completely interrogatories and request for production. (Docket No. 35).

10. On July 30, 1997, this Court directed the plaintiff to respond to certain requests for production and granted the defendant leave to submit additional interrogatories to the plaintiff. (Docket No. 40).

11. On August 20, 1997, this Court denied a request to modify its July 30th order. (Docket No. 43).

12. On September 15, 1997, this Court ruled on three motions to compel and for sanctions noting that the plaintiff had objected to all of the defendant's interrogatories and requests for production of documents. In this Order, I noted the following:

> "The Court has done everything in its power to attempt to accommodate the plaintiff in the discovery process, including the ordering of simplified interrogatories so that the plaintiff could respond as simply and as conveniently as possible. Additionally, the plaintiff has failed to respond to defendant Brim's interrogatories and request for production that were mailed to the plaintiff on April 10, 1997. To date, the plaintiff has failed to respond to these interrogatories and requests for production of documents. Lastly, the defendant served a request for production of documents on the plaintiff on May 22, 1997. To date, the plaintiff has failed to respond to this request for production of documents. In summary, the plaintiff has been served with multiple interrogatories and multiple requests for production of documents, all of which comply with the Federal Rules of Civil Procedure and our local rules of court. The plaintiff has failed to answer interrogatories or respond to requests for production of documents. Lastly, the plaintiff has failed to comply with this Court's order of July 30, 1997." **(Docket No. 51).**

13. Further, in my September 15, 1997 Order, this Court made it a point to specifically inform the plaintiff what needed to be done and what could happen if the plaintiff failed or refused to comply with this Court's Order.

> "The plaintiff shall have up to and including September 30, 1997 to answer all interrogatories completely and without objection. The plaintiff shall have up to and including September 30, 1997 to respond completely without objection to the request for production of documents previously served on him.... The plaintiff shall forward his answers and his responses directly to the Court for my review. The plaintiff shall submit typewritten answer to all interrogatories and shall submit to the Court copies of original documents in response to the request for production of documents. Should the plaintiff fail or refuse to answer interrogatories or respond to requests for production of documents by September 30, 1997, the Court will consider dismissal of this case and to sanction the plaintiff for his willful failure and refusal to comply with the Federal Rules of Civil Procedure and the local rules of court." **Order Granting Motions to Compel and for Sanctions and Order Denying Motion to Extend Initial Pre–Trial Report Deadlines at p. 3. (Docket No. 51).**

14. The plaintiff did not comply with this Order.

15. On December 16, 1997, District Judge C. LeRoy Hansen entered an Order Denying Objection to Magistrate Order. (Docket No. 61). In Judge Hansen's Order he makes clear his concerns about the behavior of the plaintiff in this case.

> "The Court has serious concerns about the plaintiff's intransigence, refusal to comply with the orders of the magistrate, and failure to follow the local rules and the

Federal Rules of Civil Procedure. Magistrate Judge Puglisi has made clear what sanctions will be considered by the Court if his orders are not complied with, plaintiff would be well advised to comply *forthwith.*" **Order Denying Objection to Magistrate Order p. 2.**

Since the entry of this Order, the plaintiff has yet to comply with this Court's Order of September 15, 1997 (Docket No. 51).

### THE SANCTION OF DISMISSAL

■ The Federal Rules of Civil Procedure give a district court the power to dismiss a case for a parties willful failure to obey an order of the Court or to permit discovery. Fed.R.Civ.R. 37(b)(2)(c); 41(b). Further, a Court also has an inherent power to "levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); *Turnbull v. Wilcken*, 893 F.2d 256, 258–59 (10th Cir.1990).

■ In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992). The 10th Circuit outlined the scope of a district court's discretion to dismiss a complaint with prejudice pursuant to Rule 37(b)(2)(C). The Court set forth five factors to be considered prior to a Court choosing dismissal as a sanction. They are as follows:

"(1) the degree of actual prejudice to the defendant;

(2) the amount of interference with the judicial process; ...

(3) the culpability of the litigant, ...

(4) whether the court warned the party in advance that dismissal of the action would be a likely action for noncompliance, ... and

(5) the efficacy of lesser sanction."

Id. At 921.

■ The record in this case has abundant support for each of the above named factors. **First,** there has been absolutely no discovery in this case. The defendants have been prejudiced in that they have had to hire counsel to battle with the plaintiff to attempt discovery on multiple occasions. The defendants have devoted significant resources, including time, expense and attorney's fees in a case that has made no progress since it was filed. **Second,** the plaintiff has demonstrated he has no respect for the judicial process. He has failed to comply with every order I have directed him to comply with since the beginning of this case. He has been given not just one opportunity or two opportunities, but at least three documented opportunities to forward interrogatories to me and to forward responses to the request for production. He has failed and refused to comply with the directions of this Court. **Third,** there can be no other conclusion but that the plaintiff has failed to follow Court orders purposefully and in bad faith. There is no question the plaintiff has received every order of this Court in the ordinary course. This is without question since the plaintiff has requested reconsideration on virtually every order of this Court. **Fourth,** not only was the plaintiff specifically warned by me that dismissal would be a potential sanction, but District Judge Hansen similarly so advised as outlined hereinabove. **Finally,** if a party refuses to participate in the discovery process, and ignores Court orders, no other sanction other than dismissal will be effective to insure compliance with Court rules. After evaluating all five factors, I specifically conclude that the sanction of dismissal with prejudice of the present action is the only appropriate sanction for the Court to apply.

### RECOMMENDED DISPOSITION

For all of the foregoing reasons, I recommend that the plaintiff's Complaint and the entire action be dismissed with prejudice for the plaintiff's willful failure to participate in discovery and to comply with the orders of this Court pursuant to Rule 37(b)(2)(C) and Rule 41(b) Fed.R.Civ.P.

**IT IS SO ORDERED.**