**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAM BEILUE,

      Plaintiff-Appellee,

v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL NO. 492,

      Defendant-Appellant,

  and

UNITED PARCEL SERVICE,

      Defendant.

No. 00-2190
(D.C. No. CIV-97-1309 MV/WWD)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant-appellant International Brotherhood of Teamsters, Local No. 492, (the Union), appeals the district court's Fed. R. Civ. P. 37(b) order awarding attorney fees and costs to plaintiff Sam Beilue as a sanction for the Union's discovery abuses.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

Plaintiff brought an action against his employer, United Parcel Service, Inc. (UPS), and the Union under the National Labor Relations Act, 29 U.S.C. § 185, alleging breach of contract by UPS and breach of the duty of fair representation by the Union.  On March 2, 1998, during the course of the litigation, plaintiff filed a motion to compel discovery by the Union, seeking all files and documents in the Union's possession pertaining to UPS's termination of plaintiff.  On March 6, 1998, the magistrate judge granted the motion after the Union failed to respond.

On March 16, 1998, plaintiff filed a motion for sanctions, asserting that the Union had not made the disclosures required by Fed. R. Civ. P. 26(a).  Again, the Union failed to respond.  The magistrate judge ordered the Union to make the required disclosures by March 31, 1998, and fined the Union $200 in attorney

fees. On May 1, 1998, plaintiff filed a second motion for sanctions, asserting that the Union had not complied with the order to make the required disclosures and, in addition, had not complied with the March 6 discovery order. Once again the Union did not respond. The magistrate judge entered another order sanctioning the Union with a $200 fine and ordering compliance by May 22, 1998.

On June 12, 1998, plaintiff filed a third motion seeking Rule 37(b) sanctions against the Union, asserting that the Union continued in its non-compliance with previous orders. The magistrate judge held a hearing on this third motion on August 12, 1998, at which time counsel for the Union represented to the court that the files plaintiff sought did not exist because plaintiff was not a member of the Union. [1] The Union ultimately responded to plaintiff's third motion on August 19, 1998.

On September 16, 1998, the district court entered an order directing the Union to show cause as to why it should not be held in contempt of court for its failure to comply with the various discovery orders. Following a hearing on September 18, 1998, the court granted plaintiff's motion for Rule 37(b) sanctions

---

[1]     In its appellate brief, the Union again asserts that plaintiff was "a non-member." Appellant's Br. at 2. The Union states, however, that it did take plaintiff's grievance to a labor panel and "gave Plaintiff some support, until its representative concluded that Plaintiff did not have a good grievance at or beyond the labor board." *Id.* The court could presume that these actions, though limited, would generate some documentation.

and concluded that contempt sanctions against the Union were appropriate. Before the court issued a written order to this effect, the Union finally complied with the missing interrogatories. The Union did not, however, provide the requested files evincing its actions on plaintiff's behalf following his termination.

It was at this point that the court described the Union's behavior as "utter, flagrant disrespect of this Court and of the rights of the Plaintiff, appearing in this matter pro se." [2] Appellant's App. at 5. The court found that the Union had "repeatedly and without explanation violated this Court's orders, failing to even respond to Plaintiff's numerous Motions for Sanctions." *Id.* The court concluded that this was the type of "sandbagging" that the discovery rules were intended to prevent. *Id.* at 6. The court then imposed various sanctions against the Union affecting the pending trial and fined the Union an additional $1,000. The court subsequently rescinded, as inadvertently prejudicial to UPS, the portion of the sanctions which provided for a special jury instruction, and retained jurisdiction to impose any other sanctions deemed appropriate after the jury trial on the matter.

In a November 19, 1998 order entered following trial, the court noted that the Union had disingenuously represented for the first time at trial that the reason it could not produce the files plaintiff requested was because those documents

---

[2] Although plaintiff was appearing in this matter pro se at this time, he subsequently retained counsel.

were lost by a witness during an airplane flight. This was contrary to the Union's initial representation that the files did not exist because plaintiff was not a Union member. In light of the Union's pretrial conduct, the court ordered additional sanctions in the form of an award of attorney fees expended by plaintiff in attempting to secure the Union's compliance with discovery obligations as well as the time expended preparing for trial necessitated by the Union's failure to comply. The court ultimately awarded attorney fees and costs to plaintiff in the amount of $24,571.44. It is from this award that the Union appeals.

## II.

The district court's imposition of sanctions pursuant to Rule 37(b)(2) is reviewed for an abuse of discretion. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996). "We accept the district court's factual findings underpinning its sanctions order unless clearly erroneous." *Id.* In reviewing the order "we examine the totality of the circumstances involved in the case," and determine if the sanctions are "in the interests of justice and proportional to the specific violation of the rules." *Id.* "[I]n the absence of a finding of bad faith, there must be a sufficient nexus between noncompliance with the rules and the amount of fees and expenses awarded as a sanction." *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990) (per curiam).

The Union contends that the district court's award of attorney fees and costs as a sanction is an abuse of discretion. The Union challenges both the entitlement to, and the reasonableness of, the attorney fees and costs award. Specifically, the Union contends that the district court abused its discretion (1) in awarding attorney fees as a sanction against a prevailing party for failure to produce irrelevant material, (2) by awarding costs by default, and (3) by awarding costs and expenses greater than those "actually and credibly related to non-compliance with discovery." Appellant's Br. at v. Each of these contentions lacks merit.

Rule 37(b) empowers the courts to impose sanctions for failures to obey discovery orders. When, as here, a litigant's conduct abuses the judicial process, imposition of sanctions in the form of an award of attorney fees and costs is a remedy provided for by law and within the inherent power of the court. *Pope v. Fed. Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) (reviewing Rule 11 sanctions). Contrary to the Union's prevailing party argument, in *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc*., 498 U.S. 533, 553 (1991), the Supreme Court stated that Rule 11 sanctions are not tied to the outcome of the litigation. Rule 37 is likewise not a fee-shifting provision. We therefore conclude that the imposition of sanctions depends not on who wins the lawsuit, but on how the parties conduct themselves during the litigation.

*See, e.g., Law v. NCAA*, 134 F.3d 1438, 1441 n.7 (10th Cir. 1998) (noting that a prevailing party who loses on appeal would remain liable for a properly imposed discovery sanction under Rule 37). Moreover, contrary to the Union's next assertion, the ultimate production of the requested documents "is not determinative." *Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370, 1374 (10th Cir. 1978) ("The Rule permits a sanction when a party 'fails to obey an order,'" a failure which is not absolved upon production) (quoting Fed. R. Civ. P. 37(b)(2))).

Finally, the Union asserts that the imposition of discovery sanctions should be tied to the ultimate relevancy of the documents and information forming the subject of the discovery request. The Union states in its brief that it has "always contended the material was irrelevant, and sure enough, Appellant was right." Appellant's Br. at 7. Because the Union fails to provide this court with any citations indicating where in the record it made relevancy objections to the trial court, we decline to address the issue on appeal. *Valley Improvement Ass'n v. United States Fid. & Guar. Corp.*, 129 F.3d 1108, 1119 (10th Cir. 1997).

The Union's remaining arguments are equally as specious. In its June 12, 2000 order, denying the Union's motion for reconsideration, the court stated that it had, on its own initiative, provided the Union with a copy of plaintiff's attorney fees and costs affidavit. Appellant's App. at 65-66. The court also stated in the

same order that it subsequently provided the parties an opportunity to present further argument on the basis of the affidavit. The court concluded that the "Union presented absolutely no substantive argument as to why Plaintiff's second affidavit was deficient." *Id.* at 66.

On appeal, the Union vehemently argues that the amount of costs and fees awarded are excessive in light of the behavior being sanctioned. It is clear from the district court's orders, however, that the Union did not object to plaintiff's affidavits setting forth his attorney fees and costs. In its order of February 16, 1999, the district court stated that "[h]aving received no objections from Defendant Union, the Union is deemed to consent to the awarding of the amounts listed." Appellant's App. at 17. In its response to the Union's motion to reconsider, [3] the district court required plaintiff to submit another affidavit linking his costs to the Union's discovery violations. The Union did not respond or object to plaintiff's second affidavit. *Id.* at 53. The court deemed the Union's silence as consent and awarded plaintiff the amount stated in his affidavit less $8,879 for costs personally incurred by plaintiff. *Id.* at 53-54. In this light, the Union cannot allege that it was not provided with a copy of the affidavit.

---

[3] The district court noted that in its motion to reconsider, the Union did not explain why it had failed to respond to plaintiff's affidavit of fees and costs, "thus continuing its pattern of dereliction in which Defendant Union does not comply with the most basic requirements of litigation." Appellant's App. at 53.

Moreover, it cannot challenge for the first time on appeal the amount of attorney fees and costs assessed.

The sparse record provided in this case supports the district court's finding that the Union was engaged in a blatant refusal to comply with discovery rules and the lawful orders of the trial court. The Union has totally failed to establish that this finding was clearly erroneous. The context of the district court's numerous orders indicate that it was extremely patient in its efforts to allow the Union time to comply with its discovery orders. The attorney fees and costs sanction was imposed after ample warnings and imposition of lesser sanctions. It is clear that the Union's conduct was in bad faith and evinced a glaring disregard and disrespect for the court's orders. Therefore, because we agree entirely with the district court's assessment of the Union's conduct, we find no error at all in the award of sanctions, much less an abuse of discretion. We affirm the award.

## III.

Finally, we consider plaintiff's claim for attorney fees for defending this appeal. Federal Rule of Appellate Procedure 38 provides: "If a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." *See also* 10th Cir. R. 46.5(B), (D)(2) (providing that court may award monetary sanctions where party signs and submits brief

which is not well grounded in fact nor "warranted by existing law").  The Union has had the opportunity to respond to plaintiff's request for appellate sanctions. *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987).

"Sanctions on appeal are appropriate where the result is obvious or the appellant's arguments are wholly without merit." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1483 (9th Cir. 1992) (quotation omitted). We conclude that any reasonable attorney could have identified that under the abuse of discretion standard the award of attorney fees and costs in this case was so clearly within the district court's discretion that there was no chance of success on appeal.  Therefore, we agree with plaintiff that the Union's appeal is devoid of merit and monetary sanctions are appropriate.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED, and the case is REMANDED to the district court to determine the amount of the sanction to be awarded for taking a legally frivolous appeal.

Entered for the Court


Robert H. Henry
Circuit Judge