Lawrence William SHELLY, Plaintiff–Appellant,

v.

Perry M. JOHNSON, Jack Bergman, Marjorie VanOchten, William O'Connor, and Jerry Sherman, Defendants–Appellees.

No. 87–1891.

United States Court of Appeals, Sixth Circuit.

Submitted May 16, 1988.

Decided June 14, 1988.

Lawrence William Shelly pro se.

Chester S. Sugierski, Jr., Asst. Atty. Gen., Corrections Div., Edgar L. Church, Jr. (on brief), Lansing, Mich., for defendants-appellees.

Before ENGEL, Chief Judge;[*] NELSON, Circuit Judge; and

* The Honorable Albert J. Engel assumed the duties of Chief Judge effective April 1, 1988.

PORTER,** Senior District Judge.

PER CURIAM.

Lawrence William Shelly appeals the grant of summary judgment by the United States District Court for the Western District of Michigan in favor of the defendants.

Appellant, an inmate at the Michigan Intensive Program Center (MIPC) in Marquette, Michigan and in custody of the Michigan Department of Corrections filed this 42 U.S.C. § 1983 action against appellees, Perry Johnson, former Director of the Michigan Department of Corrections, Jack Bergman, Superintendent at MIPC, Marjorie VanOchten, the Hearing Administrator for the Department, Officer William O'Connor, and Hearing Officer Jerry Sherman. Appellant alleged that Johnson, Bergman, and VanOchten were made aware of corrupt practices in their respective departments but failed to do anything about them. Appellant also alleged that staff members filed false misconduct reports which resulted in subsequent hearings detrimental to him. Appellant further alleged that he had been subject to harassment since bringing his allegations of false misconduct reports to the attention of senior officials. Finally, appellant claimed that Officer O'Connor threatened him and pointed a revolver at him without justification.

On August 14, 1987 the district court granted the defendants' motion for summary judgment. The district judge held that defendant Jerry Sherman, a Michigan hearing officer under M.C.L. §§ 791.251 through 791.255, was entitled to absolute judicial immunity in relation to actions taken in his capacity as hearing officer and that all of the allegations in the complaint related to actions taken in Sherman's official capacity. The judge next held that plaintiff's conclusory claim regarding decisions of hearing officers was unsupported and stated no constitutional violation. Third, the district judge held that there

was no basis for the allegations that the named defendants had been made aware of any corrupt practices in their respective departments. Fourth, it was determined that none of the supervisory officials had participated in harassment of the appellant. Finally, assuming plaintiff's allegation that Officer O'Connor had pointed a revolver at him without justification from the other side of the bullet-proof glass in the Control Center to be true, the circumstances surrounding the incident precluded a finding that the officer's actions amounted to cruel and unusual punishment.

Appellant, proceeding pro se, argues that the district court erred in granting summary judgment. The appellees argue that the district court committed no error.

In a careful opinion, Chief Judge Hillman denied the relief sought by plaintiff under 42 U.S.C. § 1983 granting summary judgment in favor of all defendants after concluding from a review of the file exhibits and uncontradicted affidavits that there was no genuine issue of material fact remaining to be litigated. Of particular interest was Chief Judge Hillman's conclusion that recent changes in Michigan statutory law embodied in 1979 Mich.Pub.Act No. 140 conferred upon prison hearing officers the type of independence and responsibility which was consistent with the grant to them of absolute immunity from liability with respect to their judicial acts. *See* M.C.L. 791.251–255 M.S.A. 28.2320(51)–28.2320(55). As Judge Hillman stated:

The immunity of hearing officers has not always been clear. In *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496 [88 L.Ed.2d 507] (1985), the court held that the members of a federal prison discipline committee, who hear cases in which inmates are charged with infractions of institutional rules, are entitled only to qualified, rather than absolute, immunity from suits alleging that they have violated prisoners' constitutional rights. The court emphasized that the several factors mentioned in *Butz v. Economou*, 438

** The Honorable David S. Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation.

U.S. 478 [98 S.Ct. 2894, 57 L.Ed.2d 895] (1978) as characteristic of absolute judicial immunity were absent. The court indicated that the members of the discipline committee were not professional hearing officers as, for example, are administrative law judges; that the committee's function was not a classic adjudicatory one; that committee members did not possess the independence ascribed to members of the judiciary; that they were just prison employees, subordinate to the warden; that they were under obvious pressure to resolve a disciplinary dispute in favor of the institution and their fellow employees; and that the committee simply was not a neutral and detached body.

These factors are clearly not present in the case of prison hearing officers under Michigan law. The position of Michigan prison hearing officers and their powers and duties are set forth in M.C.L. 791.251 through 791.255, M.S.A. 28.2320(51)–28.-2320(55). These statutory provisions indicate that the hearing officers are in fact professional hearing officers in the nature of administrative law judges. They are required to be attorneys and they are under the direction and supervision of a special hearing division in the Michigan Department of Corrections. M.C.L. 791.251, M.S.A. 28.2320(51). They are not simply prison employees subordinate to the prison warden, as in the case of the discipline committee members in *Cleavinger, supra*. Their adjudicatory functions are spelled out at length in the statute. Their duties with respect to testimony of witnesses and admission of evidence are delineated in detail. They are subject to disqualification at the request of an inmate upon a showing of bias or other valid reasons. Their decisions must be in writing and must include findings of fact and the underlying evidence. M.C.L. 791.252, M.S.A. 28.-2320(52). Provision is made for rehearings, as well as for judicial review in the Michigan courts, M.C.L. 791.254, 791.255, M.S.A. 28.2320(54), 28.2320(55).

Thus, unlike the members of the discipline committee in *Cleavinger, supra,*

the Michigan prison hearing officer is an attorney especially appointed to conduct prison disciplinary hearings as a full time judicial officer, wholly independent of the warden and other prison officials in the prison in which he conducts his hearings. He is guided by strict statutory procedural rules and his decision is subject to appellate review in the Michigan courts. His role for all practical purposes is similar to that of an administrative law judge and as such he should be entitled to absolute judicial immunity for the very reasons recognized by the court in *Butz v. Economou, supra,* 438 U.S. at 508–514 [98 S.Ct. at 2911–2915].

Judge Hillman also further correctly observed that while on the surface our decision in *King v. Wells,* 760 F.2d 89 (6th Cir.1985), appeared to argue against immunity, it was important that that decision dealt with the status of prison hearing officers before the 1979 Act:

Accordingly, for the reasons set forth by Chief Judge Hillman in his opinion in the District Court published at 684 F.Supp. 941 (W.D.Mich.1988), the judgment of the district court is AFFIRMED.