898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson Lynn BROWN, Plaintiff-Appellant,
v.
Jerry SHERMAN; Paddy Malone, Defendants-Appellees.
 No. 89-2170.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Carson L. Brown alleged that defendants, a prison hearing officer and a hearing investigator, violated his constitutional rights by failing to adhere to Michigan state law requirements for misconduct hearings. He complained that the hearing officer was biased against him and was required to recuse himself, and that the findings of misconduct were not supported by sufficient evidence. He further alleged that placement in administrative segregation results in a reduction of "yard time" in violation of the eighth amendment. Finally, Brown alleged that defendants, who are white, treated him as they did because he is black.
 
 
 3
 Upon review we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 293 (6th Cir.1984).
 
 
 4
 First, summary judgment was proper because no genuine issue of material fact exists. A genuine issue of material fact is one which will affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Brown alleged that he was denied opportunities to review legal materials, and to present evidence or witnesses in his defense at his disciplinary hearings. Defendants presented documentation that Brown's requests, when made, were granted and that Brown refused to participate in some hearings. Defendants admitted that when Brown demonstrated an intent not to participate, he was not affirmatively offered additional opportunities to prepare a defense.
 
 
 5
 Defendants are entitled to judgment as a matter of law because Brown's allegations are insufficient to demonstrate a constitutional violation. Brown essentially complained that the proceedings were inadequate to protect his due process rights. Where a state has created a liberty interest in remaining free from placement in administrative segregation, the focus of review should be what process is due the prisoner who faces disciplinary charges. E.g., Beard v. Livesay, 798 F.2d 874, 879 (6th Cir.1986). As a minimum, a prisoner should receive written notice in advance of a hearing, be permitted to present evidence, and be provided with a written statement of the evidence on which a finding of guilt is based. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Moreover, due process requirements are satisfied if there is any evidence to support a finding of misconduct. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 6
 Review of the record shows that Brown was afforded due process. Defendants demonstrated that Brown's requests to use the law library and to introduce evidence in his defense were met. Defendants admitted that on one occasion they denied Brown's request to introduce a number of books on prison policy and administrative guidelines, but asserted he was given an opportunity to prepare and introduce a summary. Defendants also provided a record of the evidence on which guilty findings were based. Although Brown filed his own motion for summary judgment, he failed to respond to defendants' motion with specific allegations establishing a genuine issue of fact. Because Brown did not show that the due process requirements were not met, see Wolff, 418 U.S. at 563-67, defendants are entitled to judgment as a matter of law. See Celotex Corp., 477 U.S. at 322-23.
 
 
 7
 Defendants also are entitled to judgment as to Brown's equal protection claim. Brown asserted that he has been mistreated only because he is black. His claim lacks merit, however, because he failed to allege facts showing that white prisoners are treated differently. See Easley v. University of Mich. Bd. of Regents, 632 F.Supp. 1539, 1542-43 (E.D.Mich.1986).
 
 
 8
 Brown's claim of an eighth amendment violation also fails. He claimed that as a result of the misconduct charges he has lost years of yard time. He asserted that a reduction of outdoor exercise time is tantamount to an unnecessary and wanton infliction of pain. However, as discussed above, Brown was afforded due process protections for whatever liberty interest he arguably might have in opportunities for outdoor exercise.
 
 
 9
 Next, the district court correctly dismissed the damages claims against the hearing officer. Contrary to Brown's arguments, a Michigan prison hearing officer is entitled to absolute immunity. See Shelly v. Johnson, 849 F.2d 228, 230 (6th Cir.1988).
 
 
 10
 Brown's argument on appeal that he was entitled to complete discovery prior to dismissal is unavailing. He is not entitled to complete discovery prior to summary judgment. See Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989).
 
 
 11
 Accordingly, the request for appointment of counsel is hereby denied, and the district court's summary judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.