919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chad DEKOVEN, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Weinberg, Deputy Warden, Straub, Deputy
Warden, Chris Daniels, Deputy Warden, Fred Goff, Deputy
Warden, Herb Grinege, Deputy Warden, Wayne Jackson, Deputy
Warden, Atherton, Deputy Warden, Richard Cady, Counselor,
Robin Pratt, Counselor, Counselor Edwards, Counselor Buchin,
John Jabe, Sabrina Boyd, Sgt., Dan Bolden, Washington,
Corrections Officer, Griswald, Corrections Officer, Sharr,
Corrections Officer, Norman Silas, Hawkins, Counselor, J.
Harring, Sgt., J. McLaughlan, Housing Officer, Robert
Richards, Counselor, Defendants-Appellees.
 No. 89-2334.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment in his civil rights action brought under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, plaintiff sued a host of Michigan Department of Corrections officials alleging first amendment, eighth amendment, and fourteenth amendment violations in connection with his administrative segregation, security classification and disciplinary proceedings. Defendants filed a motion for summary judgment. A magistrate recommended that summary judgment for defendants be granted, and plaintiff filed timely objections. The district court granted summary judgment for defendants. This appeal followed.
 
 
 3
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and the defendants were entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 4
 We affirm the district court's dismissal of plaintiff's claims that he was denied access to his legal materials and that he was forced to wear dirty clothes and to use dirty linens as res judicata. Plaintiff has already received a final judgment on the merits of these claims in the district court in a prior case. The judgment of the prior case bars any and all claims by plaintiff based on the same cause of action. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). The instant claims arise from the same operative facts as the previous suit. Thus, claim preclusion prevents plaintiff from bringing the instant action with respect to these claims.
 
 
 5
 To the extent plaintiff alleges a denial of medical care, his claim fails. Where a plaintiff has received some medical attention, this court will not second-guess the judgment of medical professionals. See Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Moreover, allegations of medical malpractice or negligence in diagnosis do not state a claim of constitutional violations. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976).
 
 
 6
 Contrary to plaintiff's assertion, he has no constitutional right to be incarcerated in any particular institution and may be transferred at the discretion of state officials unless the state has created a liberty interest in remaining in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245-51 (1983). Michigan has not created such a liberty interest; transfer of prisoners is within the discretion of the Michigan Department of Corrections. See Mich.Comp.Laws Sec. 791.265.
 
 
 7
 Similarly, plaintiff was not denied due process prior to his disciplinary hearing because the state did not create a liberty interest requiring due process. See Olim, 461 U.S. at 250. Moreover, Mich.Comp.Laws Sec. 791.4401(2) does not contain explicit mandatory language creating a protected liberty interest in receiving a disciplinary hearing within four days of being temporarily held in administrative segregation. Cf. Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904 (1989).
 
 
 8
 Plaintiff was not deprived of a constitutional right by the defendants' issuance of allegedly false misconduct tickets where, as here, the procedural due process protections as required by Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), were provided. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). In addition, a second hearing was not required to raise his security classification. See Walker v. Mintzes, 771 F.2d 920, 933-34 (6th Cir.1985). Plaintiff alleges that it was a violation of Michigan administrative law to continue to hold him in solitary confinement upon being transferred to a new prison. However, it is not appropriate for a federal court to order Michigan prison officials to conform their conduct to state law. Walker v. Mintzes, 771 F.2d at 934.
 
 
 9
 Plaintiff's allegations that the defendants deprived him of personal property were properly dismissed because plaintiff failed to plead and prove the inadequacy of state remedies. See Hudson v. Palmer, 468 U.S. 517, 534 (1984).
 
 
 10
 Finally, plaintiff's claim that the hearing officer denied his rights to due process by "acting in a manner not consistent with the established due process guidelines" is precluded by absolute judicial immunity since the alleged acts were committed in the performance of his duties in a prison disciplinary hearing. See Shelley v. Johnson, 849 F.2d 228, 230-31 (6th Cir.1988). Further, to the extent defendant Brown was named in his supervisory capacity, the complaint fails because defendant Brown may not be sued under 42 U.S.C. Sec. 1983 on a theory of respondeat superior. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Plaintiff's remaining claims lacked merit.
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.