985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin D. MAYBERRY, Plaintiff-Appellant,
v.
Robert N. CLEMENT; Everett Perry, Jr., Defendants-Appellees.
 No. 92-1571.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Marvin Mayberry appeals a district court judgment granting summary judgment for the defendants, and dismissing his civil rights suit filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Mayberry sued a corrections officer (Clement) and a hearing officer (Perry) in their individual capacities, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment rights to procedural and substantive due process and equal protection under the law. Essentially, he claimed that the defendants improperly found him guilty of substance abuse by relying on a false misconduct report, by convicting him with insufficient evidence, by maliciously prosecuting him, and by not providing him with the evidence relied upon to convict him.
 
 
 3
 Upon review of the parties' cross-motions for summary judgment and responses, the magistrate judge recommended dismissing plaintiff's suit because his Eighth Amendment claim was vague and conclusory, he received all the process due him and was not maliciously prosecuted, his equal protection claim was vague and conclusory, and the Eleventh Amendment protected the defendants from liability. The district court accepted the magistrate judge's report and recommendation, over the plaintiff's objections, and dismissed the suit.
 
 
 4
 On appeal, plaintiff maintains his procedural and substantive due process claims, and also argues that the defendants are not immune under the Eleventh Amendment.
 
 
 5
 Upon review, we conclude that Mayberry has abandoned his Eighth Amendment malicious prosecution and equal protection claims on appeal; they are therefore not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In addition, the magistrate judge improperly decided that the defendants were protected by the Eleventh Amendment on the belief that the defendants could not be sued individually for actions that were actually taken in their official capacities. To the contrary, the defendants can be sued in their individual capacities, as alleged, for actions taken in their official capacities. Hafer v. Melo, 112 S.Ct. 358, 362-63 (1991). Summary judgment was nonetheless proper because the record shows that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 6
 Initially, it is noted that the magistrate judge referred to plaintiff's misconduct as a minor rather than a major misconduct violation. Plaintiff makes much of this misstatement. This factual representation, however, is not material to plaintiff's case as it does not affect the outcome of the suit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 7
 Plaintiff's claim that the defendants did not afford him due process by finding him guilty of the major misconduct of substance abuse is without merit. The record shows that plaintiff was given advance written notice, an opportunity to present his defense and a written statement of the evidence and reasons for the discipline imposed. This is all that is constitutionally required. See Wolff v. McDonnell, 418 U.S. 539, 563-69 (1974).
 
 
 8
 In addition, the record reveals some evidence to support his disciplinary conviction. The requirements of due process are satisfied if any evidence in the record supports the disciplinary board's conclusion. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). This is clearly plaintiff's major concern. He complains that the corrections officer wrote him up a major misconduct report for substance abuse because the urine sample plaintiff gave him had unknown black particles in it, and when he shook the sample, it did not foam up as it should. Plaintiff claims the officer's statement is not sufficient evidence to convict him, that the defendants were required to conduct tests on the sample, and that they should have produced the sample at the hearing.
 
 
 9
 Plaintiff's claims are meritless. Some evidence does support the hearing officer's conclusion. His personal observations of the sample are alone sufficient evidence. Hill, 472 U.S. at 455-56. Plaintiff was provided with a copy of the officer's statements, and did not have to be given the sample of urine. The evidence relied upon was the officer's observations, of which plaintiff was fully aware. Furthermore, a test of the urine was not necessary in this case, because plaintiff was not found guilty of actually using or possessing an illegal substance, but of not providing a proper sample for testing, which constitutes substance abuse under the pertinent prison regulation. Additionally, this court has ruled that it will not interfere with the prison authorities' discretion to define offenses under their internal rules and to assign offenses in particular cases. See Turney v. Scroggy, 831 F.2d 135, 140 (6th Cir.1987).
 
 
 10
 Plaintiff was also not denied any substantive due process right. Plaintiff has not alleged an adequate claim in this regard as he has not alleged any act by the defendants that "shocks the conscience" or otherwise suggests an egregious abuse of governmental power. Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 281 (6th Cir.1987) (en banc).
 
 
 11
 Finally, although subject to suit in his individual capacity, the hearing officer (Perry) was subject to absolute quasi-judicial immunity as he is being sued for simply adjudicating plaintiff's misconduct hearing. See Shelly v. Johnson, 849 F.2d 228, 229-30 (6th Cir.1988) (per curiam).
 
 
 12
 For these reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.