14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Morgan J. GRIBBLE, Plaintiff-Appellant,
v.
Charles B. BASS; W. Jeff Reynolds; Howard Carlton; Ken
Phillips; Dee Davidson; David Maynard; Don
Dunaway; Ernest Kerley; Charles
Brymer; Andrew Lewis,
Defendants-Appellees,
Sandra Moore; Q. Belton; T. Leachman, Defendants.
 No. 93-5413.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Morgan J. Gribble, pro se, appeals from a district court order dismissing his case pursuant to his Stipulation of Dismissal and a district court order dismissing 12 of the 13 defendants sua sponte. The defendants include the Commissioner of the Tennessee Department of Corrections, the Assistant Commissioner for that Department, the warden and associate warden at the Southeastern Tennessee State Regional Correctional Facility (STSRCF), several correctional officers and disciplinary board members at STSRCF, a reclassification board member at that facility and Gribble's counselor at the facility at the time of the alleged unconstitutional acts.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On December 19, 1990, Gribble, an inmate at STSRCF, was ordered to report to the prison clinic in order to produce a urine sample for a random testing for illegal drug use within the prison. The "field test" resulted in a positive reading for marijuana. On January 8, 1991, Gribble received a disciplinary report for illegal drug use on the basis of this positive urine test. A hearing was held on this disciplinary report, and the prison disciplinary board returned a verdict of guilty. Gribble was then given five days of punitive segregation with loss of inmate pay while in punitive segregation, was restricted from "picnic area visitation for sixty days," and lost good conduct credits for the month of January 1991.
 
 
 4
 In his complaint, Gribble alleged that applicable prison regulations and state law contain mandatory language regarding certain procedures which the named officials did not follow in performing the drug testing and disciplinary actions and that this mandatory language created a liberty interest which the defendants violated. Gribble specifically alleged that the defendants failed to comply with the procedures in the following respects: 1) the documentation was incomplete in regard to the chain of custody of the urine sample regarding its transportation from person to person within the prison and into the laboratory, as required under Tennessee Department of Corrections Policy No. 506.21; 2) Gribble was denied the right to call a witness, specifically a laboratory employee, in order to discover when the urine sample was actually received in an outside lab for confirmation of the positive test; 3) Gribble was refused the right to question the validity of the test and to present a defense that the aspirin he was taking at the time of the test could have led to a false positive in the urine sample; 4) Gribble was denied due process by being refused access to the "randomly generated list" that produced his name for random drug testing within the prison; and 5) the Prison Board's decision to continue the hearing for a "rewrite" of the disciplinary report was prejudicial, as there was a dispute as to the correct date that the sample was taken, supporting Gribble's argument that it may not have been his sample which was sent to the laboratory for testing.
 
 
 5
 The district court, without issuing process, discussed each allegation and, sua sponte, dismissed 12 of the 13 defendants named in the action. After further discovery involving only defendant Moore, Gribble filed a Stipulation of Dismissal on January 28, 1993, pursuant to an agreement between the parties. Based on this Stipulation of Dismissal, the district court entered a final appealable order dismissing the case in its entirety, on February 5, 1993. In that same order, the district court granted Gribble leave to proceed in forma pauperis, on appeal. Fed.R.App.P. 24.
 
 
 6
 On appeal to this court, Gribble repeats each of his arguments set forth in his original complaint. Gribble also requests the appointment of counsel, requests leave to appeal in forma pauperis, and requests that any remand be assigned to a different district court judge.
 
 
 7
 A district court may not sua sponte dismiss a plaintiff's suit unless it first gives the plaintiff an opportunity to amend the complaint or to correct the deficiencies in the complaint, or unless it dismisses the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and expressly cites to Sec. 1915(d) in its order. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). The requirements set forth in Tingler apply to sua sponte dismissals as frivolous and to sua sponte dismissals for failure to state a claim. Morrison v. Tomano, 755 F.2d 515, 517 (6th Cir.1985) (per curiam).
 
 
 8
 In this case, the district court dismissed 12 out of the 13 named defendants sua sponte without allowing additional discovery or service of process to be made on these defendants. Moreover, the district court failed to cite to Sec. 1915(d) or to Neitzke v. Williams, 490 U.S. 319, 325 (1989), which case defines the meaning of frivolous under Sec. 1915(d). For this reason, the district court's order must be vacated and the case remanded for further consideration of the claims against the 12 defendants dismissed in the sua sponte order entered January 28, 1993.
 
 
 9
 On remand, the district court should reconsider its conclusion that disciplinary board members Phillips, Davidson and Maynard and reclassification board member Brymer are entitled to quasi-judicial immunity. Such officials are usually not entitled to such immunity when performing the function of prison board members within the context of prison disciplinary hearings. Cleavinger v. Saxner, 474 U.S. 193, 203-04 (1985). The only instance in which this court has allowed prison hearing officials to be entitled to absolute quasi-judicial immunity within this context has been when state law has conferred upon prison hearing officers the type of "independence and responsibility" which has, by statute, created professional hearing officers in the nature of administrative law judges who are undeniably entitled to absolute immunity when performing their judicial functions. Shelly v. Johnson, 849 F.2d 228, 230 (6th Cir.1988) (per curiam). However, in this case there is no indication that Tennessee has a statute similar to Michigan law, creating such "professional hearing officers," who are independent from the institution and from fellow employees so that they may be entitled to absolute quasi-judicial immunity in this case.
 
 
 10
 Secondly, it is questionable whether Sergeant Dunaway is entitled to immunity under the doctrine set forth in Briscoe v. LaHue, 460 U.S. 325, 328 (1983), as found by the district court in its initial decision. The allegations that Sergeant Dunaway forged or tampered with a laboratory report is an out-of-court action that would seem to be outside of the realm of testimony that a police officer would present in court as part of the judicial process so that Dunaway would be entitled to immunity under the doctrine in Briscoe. Lastly, the district court failed to recognize that such immunity, even if it would apply, does not protect the defendants from the injunctive and declaratory relief that Gribble has requested in his original complaint. Pulliam v. Allen, 466 U.S. 522, 542-43 (1984); Morrison v. Lipscomb, 877 F.2d 463, 467-68 (6th Cir.1989). Thus, these particular issues should be reconsidered upon remand.
 
 
 11
 Accordingly, Gribble's request for counsel is hereby denied. His request for leave to appeal in forma pauperis is denied as moot, his request for a remand to another district court judge is denied, and the district court's order dismissing the 12 defendants sua sponte is hereby vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.