**Lewis Henry MCCLAINE–BEY, Plaintiff–Appellant,**

**Walter Curtis Carpenter, aka Laoshee Iwonefu–Bey; Demone John Fox, Plaintiffs,**

v.

**S. Harris SPICER, Defendant–Appellee.**

No. 00–1219.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before NORRIS, SILER, and BRIGHT,* Circuit Judges.

Lewis Henry McClaine–Bey, a pro se Michigan state prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, a declaratory judgment, and injunctive relief, McClaine–Bey and two other Michigan inmates sued a hearing officer (S. Harris Spicer) employed by the Michigan Department of Corrections, in her individual and official capacities. The plaintiffs claimed that Spicer was not sufficiently fair and impartial at the disciplinary hearing conducted on their major misconduct tickets.

The magistrate judge recommended dismissing the complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), as well as to 42 U.S.C. § 1997e(c). The district court adopted the magistrate judge's report and recommendation over McClaine–Bey's objections and dismissed the complaint as frivolous.

McClaine–Bey has filed a timely appeal and moves this court for the appointment of counsel on appeal.

■■■ This court reviews de novo a decision to dismiss a complaint under § 1915(e) and § 1915A for failure to state a claim for relief. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. See Neitzke, 490 U.S. at 327–28, 109 S.Ct. 1827; Lawler, 898 F.2d at 1199. A sua sponte dismissal of a complaint is appropriate where the complaint is frivolous on its face. See McGore, 114

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

F.3d at 609. Although normally a prisoner must first exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing a § 1983 action challenging prison conditions in federal court, in the event that a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.), *cert. denied,* 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998). The district court did not err by proceeding to the merits in this case.

■ Upon review, we conclude that McClaine–Bey's complaint is frivolous for the reasons set forth in the magistrate judge's report and recommendation of October 27, 1999, as adopted by the district court in its order of January 28, 2000. Defendant is absolutely immune from suits for monetary damages, *see Shelly v. Johnson,* 849 F.2d 228, 230 (6th Cir.1988) (per curiam), and McClaine–Bey has otherwise failed to state a claim because a favorable ruling would imply the invalidity of his disciplinary conviction. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey v. Stine,* 230 F.3d 226, 230 (6th Cir.2000).

Accordingly, we hereby deny McClaine–Bey's motion for the appointment of counsel and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.