**Charles Savoy DAVIS, Plaintiff–Appellant,**

v.

**Diana SNYDER, Pete Yon, S. Harris–Spicer, Darlene Edlund, Sam Niemi, Defendants–Appellees.**

No. 02–1705.

United States Court of Appeals,
Sixth Circuit.

Nov. 5, 2002.

Before KEITH, KENNEDY, and MOORE, Circuit Judges.

*ORDER*

Charles Savoy Davis, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Davis filed a complaint against the following individuals employed by the Michigan Department of Corrections at the Baraga Maximum Correctional Facility: Diana Snyder, correctional officer; Pete Yon, hearings investigator; S. Harris–Spicer, hearings officer; Darlene Edlund, deputy warden; and Sam Niemi, resident unit manager. Davis alleged that the defendants retaliated against him by causing his placement in administrative segregation because he had previously filed a civil action against an unidentified prison official. Specifically, Davis alleged that Snyder threatened to file, and then did file, a false misconduct charge against him for sexual misconduct because he refused to dismiss his pending civil action. Davis alleged that, when investigating the misconduct charge, Yon "seemed to not be interested in assisting [him] in proving his innocence" and suggested that he was unable to locate or identify requested witnesses. Davis alleged that Harris–Spicer found him guilty of the alleged false misconduct charge and, as a result of the misconduct conviction, Edlund and Niemi reclassified him to administrative segregation.

The district court dismissed the complaint for failure to state a claim upon which relief may be granted and because it sought monetary relief from a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), respectively. Davis's motion for reconsideration was subsequently denied by the district court. Davis has filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* We also review de novo a district court's judgment dismissing a prisoner's complaint under § 1997e(c). *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998).

Initially, we note that Davis has waived appellate review of the claims raised in his complaint because his appellate brief does

not contain any argument as to why the district court's disposition of such claims was improper. The failure to present an argument in an appellate brief waives appellate review. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996).

Nevertheless, upon review of the district court's judgment, we conclude that Davis's complaint was properly dismissed. First, Davis's claims against Harris–Spicer may not proceed because Harris–Spicer is entitled to immunity. A prison hearings officer has immunity from civil suits with regard to acts undertaken within her authority as a hearings officer. *Shelly v. Johnson,* 849 F.2d 228, 229–30 (6th Cir. 1988).

Second, Davis's claims which challenge his misconduct conviction are not cognizable in his § 1983 action because, unless the hearings officer's decision is overturned, a ruling on Davis's retaliation claim against Snyder and Yon would necessarily imply the invalidity of the prior disciplinary decision. *See Edwards v. Balisok,* 520 U.S. 641, 644–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Huey v. Stine,* 230 F.3d 226, 228–29 (6th Cir.2000). Davis does not allege that the decision of the hearings officer has been overturned.

Third, Davis's claims which challenge his reclassification to administrative segregation following his misconduct conviction fail to state a claim for relief. Davis's allegations do not satisfy the elements that must be shown in order to establish a First Amendment retaliation claim, as he has not provided any evidence to support his conclusion that Edlund's and Niemi's decisions were based on their intent to retaliate against him, as opposed to being based on the misconduct for which he was found guilty and convicted. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). Moreover, Davis failed to allege that Edlund and Niemi had any knowledge of his previous legal action when they made the decision to reclassify him to administrative segregation.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.