**Ronald IRVIN, also known as Ronald Wade–Bey, Plaintiff–Appellant,**

v.

**Edward ANDERSON, et al., Defendants–Appellees.**

**No. 02–1501.**

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

---

\* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*ORDER*

Ronald Irvin appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Irvin filed his complaint in the district court alleging that the defendant corrections officer charged him with a series of misconduct violations and otherwise harassed him in retaliation for exercising his First Amendment and other constitutional rights. Irvin alleged that the two defendant hearing officers found him guilty of misconduct also in retaliation. The district court dismissed the complaint sua sponte because the defendant hearing officers are entitled to immunity from suit for money damages, because plaintiff failed to establish that he exhausted administrative remedies regarding his claims, and because plaintiff otherwise failed to state a claim upon which relief can be granted. Plaintiff filed a motion for reconsideration and a notice of appeal, and the district court denied plaintiff's motion for reconsideration. On appeal, plaintiff contends that: (1) the district court ignored allegations that he exhausted administrative remedies and that he was found not guilty of one misconduct charge; and (2) the defendant hearing officers are not entitled to immunity under the circumstances of this case.

Upon de novo review, *see Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th

Cir.1997), we will affirm the judgment for the reasons stated by the district court in its opinion dated April 5, 2002. Plaintiff seeks money damages from two defendant Michigan prison hearing officers who are entitled to absolute judicial immunity from suit for money damages for actions taken in their capacities as hearing officers. *See Shelly v. Johnson,* 849 F.2d 228, 230 (6th Cir.1988). In addition, plaintiff's claims for damages and other equitable relief otherwise are not cognizable under § 1983 to the extent that a ruling on his claims would, if established, necessarily imply the invalidity of his disciplinary convictions. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Huey v. Stine,* 230 F.3d 226, 230 (6th Cir.2000). Finally, plaintiff did not satisfy his burden of demonstrating that he exhausted administrative remedies regarding his remaining claims. *See Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Wyatt v. Leonard,* 193 F.3d 876, 878–79 (6th Cir.1999); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Accordingly, the district court properly dismissed plaintiff's complaint.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.