**Richard H. CLEMONS, Plaintiff–Appellant,**

v.

**COOK, et al., Defendants–Appellees.**

**No. 02–1724.**

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.[*]

### ORDER

Richard H. Clemons, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Clemons sued a Resident Unit Officer (Cook) of the Standish Correctional Facility (SCF), and several SCF hearing officers. Clemons claimed that: 1) Cook filed a major misconduct charge against him in retaliation for Clemons's filing a lawsuit against her; and 2) a hearing officer (Perrin) improperly found him guilty of sexual misconduct. In a motion to supplement his complaint, Clemons claimed that: 3) another hearing officer (Mohrman) improperly found him guilty of an unrelated misconduct charge for substance abuse.

Although the district court noted that Clemons did not appear to have exhausted his available administrative remedies, the court did not rely on that doctrine to dis-

---

[*] The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

miss the complaint. Rather, the court concluded that Clemons's claim against Cook was barred by the doctrine announced in *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that the hearing officers were entitled to judicial immunity. Hence, the court dismissed the complaint for failure to state a claim upon which relief could be granted. Thereafter, Clemons sought leave to add additional hearing officers as defendants. The district court denied the motion because the new claims were unrelated to the original complaint and because the additional defendants were also entitled to judicial immunity.

Clemons has filed a timely appeal, essentially reasserting his claims. He also maintains that he did exhaust his administrative remedies. He also appears to argue that the district court improperly denied his request to amend his complaint.

Initially, we note that exhaustion of administrative remedies is not dispositive in this case. The district court properly noted that exhaustion does not need to be considered where a plaintiff's allegations fail to state a claim upon which relief can be granted, or where the plaintiff seeks monetary relief from a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Hence, it proceeded to dismiss the complaint for failure to state a claim. Thus, we need not address the question of exhaustion asserted by the appellant.

Upon review, we conclude that the district court properly dismissed Clemons's complaint. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether Clemons's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether Clemons undoubtedly can prove no set of facts in

support of his claims that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998). The district court may dismiss a complaint for failure to state a claim upon which relief may be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000).

■ The district court properly dismissed Clemons's complaint against Cook for allegedly filing a false misconduct charge against him. It is well-settled that a prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction unless the conviction or sentence is reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or has otherwise been called into question by a federal court's issuance of a writ of habeas corpus. *See Edwards v. Balisok,* 520 U.S. 641, 647–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck,* 512 U.S. at 486–87; *Huey v. Stine,* 230 F.3d 226, 230–31 (6th Cir.2000). Furthermore, to the extent that Clemons has asserted a pure retaliation claim, he still fails to state a claim against Cook because he was convicted of the sexual misconduct charge. A finding of guilt based upon some evidence of a violation of prison rules "essentially checkmates [a] retaliation claim." *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994).

■ The district court also properly dismissed Clemons's complaint against the hearing officers because they are entitled to absolute judicial immunity from inmates' § 1983 civil rights suits for actions taken in their capacities as hearing officers. *See Shelly v. Johnson,* 849 F.2d 228, 230 (6th Cir.1988). Moreover, as stated

above, Clemons cannot collaterally challenge his misconduct convictions. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364. For these same reasons, the district court did not err when it denied Clemons's request to amend his complaint and add additional hearing officers as defendants.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.