**Rufus WILLIAMS, Plaintiff–Appellant,**

v.

**Kenneth L. McGINNIS, et al., Defendants–Appellees.**

Nos. 02–1336, 02–1837.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by

Before MARTIN, Chief Judge; MERRITT and LAY,* Circuit Judges.

*ORDER*

Rufus Williams, a Michigan state prisoner, appeals pro se the final judgment for

designation.

defendants in a civil rights action filed under 42 U.S.C. § 1983. He has also filed a notice of appeal from an order taxing costs of $28.70 against him. These consolidated cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and monetary relief, Williams filed this complaint against the Director of the Michigan Department of Corrections, a prison warden, a prison hearing officer, and a corrections officer. Williams alleged that the hearing officer had identified Williams as an informant in a disciplinary hearing involving his cell mate. Williams also alleged that he asked the corrections officer to move him to segregation because his life was endangered based on the hearing officer's action, but the corrections officer ignored his request. He was stabbed by other inmates shortly following the denial of his request.

Defendants moved to dismiss the complaint or for summary judgment. A magistrate judge recommended that summary judgment be granted to the Director and the warden because they could not be held liable on a theory of respondeat superior, and to the hearing officer, who was entitled to absolute immunity, but that the motion be denied as to the corrections officer. Both the corrections officer and Williams filed objections to this recommendation, but they were overruled by the district court, which adopted the magistrate judge's report. Both the corrections officer and Williams then moved for reconsideration. The district court denied the motion for reconsideration filed by Williams, but granted the motion filed by the corrections officer, concluding that he was entitled to summary judgment because Williams had failed to exhaust his administrative remedies. A subsequent motion for reconsideration of this decision was denied, and defendants' motion to tax costs was granted.

Williams filed a notice of appeal from the final judgment and from the order taxing costs. His motion to consolidate the appeals for briefing was granted. However, his brief fails to address the order taxing costs. His response to the motion for costs below was restricted to the argument that costs were not in order because his motion for reconsideration on the merits should be granted. Presumably, he seeks vacation of the order taxing costs on appeal on the ground that the underlying judgment should be overturned. He argues in his brief that the district court's conclusions regarding the exhaustion of administrative remedies and immunity of the hearing officer were erroneous, and that his motion for the appointment of counsel should have been granted. He raises no argument regarding the judgment in favor of the Director or the warden. Defendants argue that Williams has abandoned some of his claims, that all of the defendants were entitled to judgment on the ground that Williams failed to exhaust his administrative remedies, and that the hearing officer was properly found entitled to absolute immunity.

Williams has abandoned his claims against the Director and the warden on appeal, as well as any issue regarding the imposition of costs, and we will therefore not address these issues. *McMurphy v. City of Flushing*, 802 F.2d 191, 198–99 (6th Cir.1986). Upon review, we conclude that the remaining two defendants were properly granted summary judgment, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Under 42 U.S.C. § 1997e(a), Williams was required to exhaust his administrative remedies prior to filing his complaint. This court has held that a prisoner must attach copies of the results of his administrative grievances to the complaint, or describe with specificity the exhaustion of his administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Defendants pointed out that Williams had not filed a step three appeal of any grievance regarding the claims raised in his complaint. Williams did not submit any step three grievance forms to contradict this allegation. He does appear to argue that he was prevented from filing a step three grievance by the failure to receive responses to his lower level grievances. However, this court has held that grievances must be pursued through the final level even where no response is received to the initial grievance or appeal. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). Williams also argues that he should have been permitted to pursue further discovery to substantiate his claim that he exhausted his administrative remedies. However, this court has recently held that prisoners may not amend their complaint to show exhaustion, but must submit all the necessary documentation with the original complaint. *Baxter v. Rose,* 305 F.3d 486, 489 (6th Cir.2002).

Because Williams failed to establish the exhaustion of administrative remedies with regard to any of his claims, we need not address his alternative argument that the district court erroneously concluded that the hearing officer was entitled to absolute immunity. However, this argument is also without merit. This court has held that hearing officers in Michigan state prisons are absolutely immune for discretionary actions taken in their capacity as hearing officers. *Shelly v. Johnson,* 849 F.2d 228, 229–30 (6th Cir.1988). Although

Williams argues that the defendant hearing officer in this case exceeded her authority by disclosing his identity as a confidential informant without first consulting the warden, judicial immunity is not lost where an action is taken in error or in excess of authority. *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Finally, the argument that the motion for the appointment of counsel was erroneously denied is without merit. The appointment of counsel would not have altered the fact that Williams failed to establish exhaustion of administrative remedies with the initial filing of his complaint.

For all of the above reasons, the district court's judgment, as well as the order taxing costs, are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.