**Cameron Lee FITTS, Plaintiff–Appellant,**

v.

**Joseph ABRAMAJTYS, et al., Defendants–Appellees.**

**No. 02–1973.**

United States Court of Appeals, Sixth Circuit.

May 2, 2003.

Before MOORE and ROGERS, Circuit Judges; and HOOD, District Judge.*

*ORDER*

Cameron Lee Fitts, a Michigan state prisoner, appeals pro se the final judgment for defendants in a civil rights action he filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and injunctive relief and millions of dollars in damages, Fitts filed this complaint against a number of employees of the Michigan Department of Corrections, alleging that defendants had violated his First Amendment rights by confiscating religious material, denying him access to the courts and retaliating against him for filing a lawsuit; had violated his Fourteenth Amendment rights during misconduct hearings; and had violated his Eighth Amendment rights by subjecting him to excessive force, denying him medical care, and failing to protect him.

A magistrate judge recommended that the motion to dismiss by a defendant hearing officer be granted on the basis of absolute immunity. Fitts failed to object to this recommendation, which the district court adopted. Defendants' motion for summary judgment on all but one claim of excessive force was granted on the basis that Fitts had failed to exhaust his administrative remedies. Fitts later filed grievances regarding some of these claims and moved to reinstate them, but the motion was not granted. The district court appointed counsel to represent Fitts at a jury trial on the remaining claim of excessive force against one defendant. A motion for appointment of a medical expert was denied. The remaining defendant was permitted to appear via deposition due to his medical condition. Fitts objected that he should be permitted to appear and assist counsel at the deposition, but his objection was overruled. A jury trial was held, which resulted in judgment for the defendant, and final judgment was entered. Fitts filed a motion for the appointment of counsel for appeal purposes, which was denied.

On appeal, Fitts presents the following issues: 1) the district court should have permitted him to reinstate his exhausted claims; 2) the court erred in denying the motion for appointment of a medical expert; 3) Fitts should have been permitted to be present at the deposition of defendant; 4) the court erred in denying his motion for the appointment of counsel for appeal purposes; 5) the hearing officer was not entitled to absolute immunity because he was not impartial; and 6) he is entitled to a new trial because he knew two of the jurors.

Upon review, we conclude that Fitts has presented no basis for overturning the judgment below. His first argument, that he should have been permitted to reinstate certain claims after exhausting his administrative remedies, is plainly without merit. This court has held that a prisoner may not exhaust administrative remedies during the pendency of a suit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). The argument raised by Fitts about the appointment of a medical expert is without support. His brief does not address why an expert was necessary, and he did not order the transcript to be included in the appellate record, so it is not apparent whether the absence of medical testimony was prejudicial to his case. *See Turnbull v. Wilcken*, 893 F.2d 256, 258 (10th Cir. 1990). The argument that Fitts should have been permitted to appear at defendant's deposition is frivolous. Fitts had counsel appointed to represent him at the deposition. Moreover, the district court's order noted that dangerous behavior by Fitts was responsible for the denial of his request to appear and assist counsel. Fitts's argument that the district court should not have allowed the defendant to appear at trial via deposition cannot be considered on appeal because Fitts did not raise this argument in the district court.

*Taft Broadcasting Co. v. United States,* 929 F.2d 240, 243–44 (6th Cir.1991).

Fitts also fails to demonstrate how the failure to appoint counsel for appeal purposes constituted an abuse of discretion. *See Lavado v. Keohane,* 992 F.2d 601, 604–05, 606 (6th Cir.1993). The district court appointed counsel for purposes of the jury trial below. The next claim, that hearing officers in Michigan prisons are not impartial and are therefore not entitled to absolute immunity, has also been previously rejected by this court. *Shelly v. Johnson,* 849 F.2d 228, 229–30 (6th Cir.1988). Moreover, Fitts failed to object to the magistrate judge's recommendation on this issue, and has therefore waived appellate review of this claim. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Finally, the argument that Fitts was acquainted with two of the jurors was not raised in the district court, and therefore cannot be considered on appeal. *Taft,* 929 F.2d at 243–44.

In summary, Fitts has raised no issue which requires reversal of the district court's rulings. Accordingly, the judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.