**John UMBARGER, Plaintiff–Appellant,**

v.

**CORRECTIONAL MEDICAL SER-VICES, et al., Defendants–Appellees.**

No. 03–1994.

United States Court of Appeals, Sixth Circuit.

March 16, 2004.

John Umbarger, Ojibway Correctional Facility, Marenisco, MI, pro se.

Ronald W. Chapman, Kimberley A. Koester, Chapman & Associates, Bloomfield Hills, MI, for Defendant–Appellee.

Before ROGERS and COOK, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

John Umbarger, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 19, 2003, Umbarger filed a complaint against Correctional Medical Services (CMS), CMS President Reed Heflin, CMS Director of Michigan Operations Craig Hutchinson, Michigan Department of Corrections (MDOC) Director William Overton, MDOC Chief Medical Officer George Pramstaller, Kinross Correctional Facility (KCF) Warden Linda Metrish, Newberry Correctional Facility (NCF) Warden Jeri–Ann Sherry, NCF Staff Physician Unknown Warren, MDOC Physician Mike Kinerly, Registered Nurse Donna Quinlan, NCF Hearings Investigator J. Sage, and NCF Hearings Officer G. Heisler. Relying upon the First, Eighth, and Fourteenth Amendments, Umbarger alleged that the defendants retaliated against him by transferring him from KCF to NCF because of his litigation activities, conspired to deny him medical care, denied him adequate medical care, and violated his due process rights during his misconduct hearing. Umbarger sought declaratory, injunctive, and monetary relief.

The district court dismissed Umbarger's complaint against Metrish without prejudice for failure to exhaust administrative remedies pursuant to the provisions of 42 U.S.C. § 1997e(a), and dismissed the complaint with prejudice against the remaining defendants for failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c). Umbarger subsequently filed a motion for relief from judgment and a motion to reconsider his supplemental pleadings. The district court denied Umbarger's motion for relief from judgment, granted Umbarger's motion to reconsider his supplemental pleadings, and upon consideration, denied relief. Umbarger has filed a timely appeal.

■ With respect to Metrish. we review de novo the district court's dismissal of Umbarger's complaint for failure to exhaust available administrative remedies under § 1997e(a). *See Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001). Upon review, we conclude that the district court properly dismissed Umbarger's complaint against Metrish without prejudice because Umbarger failed to demonstrate that he had exhausted his administrative remedies as to the retaliation claim asserted against her. *See Freeman v. Francis,* 196 F.3d 641, 645

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

(6th Cir.1999). The record indicates that Umbarger filed a grievance on January 27, 2003, in which he alleged a retaliatory transfer. Umbarger's grievance was denied at the Step I level of review. There is no evidence to suggest that Umbarger appealed the denial of his grievance beyond the Step I level before filing his complaint.

■ With respect to the remaining defendants, we review de novo the district court's dismissal of Umbarger's complaint for failure to state a claim upon which relief may be granted under §§ 1915A, 1915(e), and 1997e(c). *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998). Upon review, we conclude that the district court properly dismissed Umbarger's complaint against the remaining defendants. First, Umbarger's allegations against CMS, Heflin, Hutchinson, Overton, Pramstaller, Sherry, Warren, Kinerly, and Quinlan failed to allege facts that, if proven, would rise to the level of the serious deprivation and deliberate indifference required to support an Eighth Amendment claim. *See Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Instead, Umbarger's complaint, at most, alleged negligence and his disagreement with the medical treatment that he received during his incarceration, which are insufficient to state an Eighth Amendment claim. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Second, Umbarger's allegations that CMS, Heflin, Hutchinson, Overton, Pramstaller, Sherry, Warren, Kinerly, and Quinlan conspired to deprive him of necessary medical care also failed to state a claim for relief. *See Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir.1996). Aside from Umbarger's bare assertion of a conspiracy, he offered no factual support or evidence upon which a conspiracy claim could be based.

Third, Umbarger's allegations that Sage and Heisler violated his Fourteenth Amendment due process rights during his misconduct hearing process failed to state a claim for relief as well. Umbarger's claims against Sage and Heisler may not proceed because they are entitled to immunity. *See Shelly v. Johnson,* 849 F.2d 228, 229–30 (6th Cir.1988).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.